UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | * | CIVIL ACTION NO.: |
| TEXAS MOORING LLC, | * | |
| AS OWNER AND/OR OPERATOR OF | * | ADMIRALTY |
| THE M/B TEXAS MOORING BOAT | * | |
| NO. 26 AND THE | * | SECTION: |
| M/B TEXAS MOORING BOAT NO. 11, | * | |
| FOR EXONERATION FROM OR | * | JUDGE: |
| OR LIMITATION OF | * | |
| LIABILITY | * | MAGISTRATE: |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Texas Mooring LLC, as owner and/or operator of the M/B Texas Mooring Boat No. 26 and the M/B Texas Mooring Boat No. 11 ("Limitation Plaintiff"), in a cause of action for exoneration from or limitation of liability, civil and maritime, respectfully represents as follows:

I.

This is a case within admiralty jurisdiction, as hereinafter set forth in detail, that is brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 46 U.S.C. § 30501, *et seq.*

II.

At all relevant times, Limitation Plaintiff has been and is a limited liability company existing under and by virtue of the laws of the State of Texas, and was at all times hereinafter mentioned, the owner and/or operator of the M/B Texas Mooring Boat No. 26 ("Boat 26") and the M/B Texas Mooring Boat No. 11 ("Boat 11") (collectively, the "Vessels").

1

III.

At all relevant times, Boat 26 has been, and currently is a motor vessel bearing Hull Identification No. TXZ299308137 and Texas Parks and Wildlife No. TX2027AS that was built in 2008 with dimensions of 21' X 8' with a 3' draft.

IV.

At all relevant times, Boat 11 has been, and currently is a motor vessel bearing Hull Identification No. WNF64178D999 and Texas Parks and Wildlife No. TX6046JE that was built in 1999 with dimensions of 21' X 8' with a 3' draft.

V.

Venue is proper within this District pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims because Limitation Plaintiff has been sued within this District for a claim with respect to which Limitation Plaintiff seeks to limit liability, as is more fully set forth herein.

VI.

At all relevant times, including but not limited to December 25, 2017, Limitation Plaintiff exercised due diligence to make and maintain the Vessels and their crew in all respects seaworthy, and at all relevant times the Vessels were, in fact, tight, staunch, strong, fully and properly manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, and in all respects seaworthy and fit for the service in which they were engaged.

VII.

On or about January 17, 2018, suit was filed in the matter entitled *Mikel Barnes v. Texas Mooring, LLC*, Cause No. 2018-03172, 152nd Judicial District Court of Harris County, State of Texas ("Harris County lawsuit"). In the Harris County lawsuit, Plaintiff, Mikel Barnes, asserts Jones Act negligence, unseaworthiness, and failure to pay maintenance and cure claims. He

alleges that Texas Mooring LLC assigned him to work aboard Boat 26 to assist in a mooring operation and that he sustained injuries when Boat 26 allegedly collided with a caisson. At the time of the purported incident, Boat 11 was the only other vessel owned and/or operated by Limitation Plaintiff that was involved in the same mooring operation as Boat 26. Mr. Barnes seeks monetary relief in excess of $1,000,000 for past and future pain, mental anguish, impairment, distress, lost wages, and loss of household services. *See* Copy of Plaintiff's Original Petition attached as Exhibit A. Upon information and belief, no other process from any other court has been issued setting forth a claim for recovery of a monetary loss, and the Vessels have not been arrested or called to answer for any other claims arising on or after the voyage in question.

VIII.

Mr. Barnes has not alleged a location of Boat 26 at the time of the incident giving rise to the Harris County lawsuit.

IX.

Mr. Barnes alleges that he sustained injuries as a result of failures to control Boat 26, to steer Boat 26 clear of known hazards, to operate Boat 26 in a safe and prudent manner, to ensure that the operator of Boat 26 was competent, to inspect Boat 26 and its equipment, to provide a safe work environment, and to supervise the crew and other employees.

X.

Limitation Plaintiff denies that it is liable to Mr. Barnes and, alternatively, avers that his claims in the Harris County lawsuit likely exceed the value of the Vessels and their pending freight, of which there was none, and Limitation Plaintiff desires to contest said claim, and any other claims that may be asserted as set forth herein, and show that it has no liability in this matter. Alternatively, Limitation Plaintiff asserts that it has a right to the limitation of its liability to the value of the Vessels and their pending freight, of which there was none.

XI.

Mr. Barnes' claims and alleged damages were not caused by any fault, lack of due care and/or negligence on the part of Limitation Plaintiff and/or any fault and/or unseaworthiness on the part of Boat 26 or its officers or crew, or of any person for whose actions Limitation Plaintiff is responsible, but on the contrary, were caused solely by the fault of Mr. Barnes and/or others for whom Limitation Plaintiff has no responsibility in law or in fact. Accordingly, Limitation Plaintiff avers that neither it nor Boat 26 is liable, and claims exoneration from liability for all loss, damage, and/or injury occasioned and/or incurred by reason of the circumstances alleged by Mr. Barnes in the Harris County lawsuit. Limitation Plaintiff alleges that it has valid defenses to such claims and, therefore, is not liable for same. Limitation Plaintiff reserves the right to amend and/or supplement this paragraph of the Complaint to specify further the facts surrounding the above-described events when those facts are discovered.

XII.

Alternatively, and without admitting, but affirmatively denying all liability, Limitation Plaintiff avers that in the event it or Boat 26 should be held responsible to Mr. Barnes and/or to any other party by virtue of the claims, losses, damages, and/or injuries alleged, Limitation Plaintiff claims the benefit of the limitation of liability provided for in Sections 30501 through 30512, Title 46 of the United States Code, the Flotilla Doctrine under *Cross Contr. Co., Inc. v. LAW*, 454 F.2d 408, 411-12 (5th Cir. 1972), and all laws supplementary thereto and amendatory thereof. Limitation Plaintiff further shows that the claims and/or damages allegedly sustained by Mr. Barnes occurred without the fault, privity, or knowledge of Limitation Plaintiff, its members, officers, and/or managers.

XIII.

Upon information and belief, the voyage of Boat 26 took place on December 25, 2017.

XIV.

Upon information and belief, as of December 25, 2017 and through the present, there are no demands, unsatisfied liens, and/or claims of liens, in contract or in tort, arising from the aforementioned voyage of the Vessels.

XV.

At the close of the aforementioned voyage on December 25, 2017, the value of Boat 26 was ONE HUNDRED FIVE THOUSAND AND 00/100 DOLLARS ($105,000.00), with no pending freight for the Vessel on that date. *See* Affidavit for Value attached as Exhibit B; *see* Affidavit of No Pending Freight attached as Exhibit C. Accordingly, the value of Limitation Plaintiff's interest in Boat 26 and its pending freight, of which there was none, does not exceed the sum of ONE HUNDRED FIVE THOUSAND AND 00/100 DOLLARS ($105,000.00).

XVI.

At the close of the aforementioned voyage on December 25, 2017, the value of Boat 11 was SEVENTY THOUSAND AND 00/100 DOLLARS ($70,000.00), with no pending freight for the Vessel on that date. *See* Affidavit for Value attached as Exhibit D; *see* Affidavit of No Pending Freight attached as Exhibit E. Accordingly, the value of Limitation Plaintiff's interest in Boat 11 and its pending freight, of which there was none, does not exceed the sum of SEVENTY THOUSAND AND 00/100 DOLLARS ($70,000.00).

XVII.

Subject to a court-ordered appraisal of its interests, Limitation Plaintiff herewith deposits with the Court as security for the benefit of all potential claimants for damages sustained, if any be proven at trial attributable to the Limitation Plaintiff, *in personam*, and/or the Vessel, *in rem,* a Stipulation for Value and Limitation Bond in the sum of ONE HUNDRED SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($175,000.00), plus interest at six percent (6%) per annum from the date of said Stipulation plus court costs, said sum representing the total value of

both Vessels, their appurtenances and pending freight, of which there was none, on or about December 25, 2017, and thereafter. *See* Stipulation for Value of Boat 26 and Boat 11, attached as Exhibit F; *see* Limitation Bond attached as Exhibit G.  Limitation Plaintiff is prepared to give stipulation, and/or bond for any amount in excess of the Stipulation for Value and Limitation Bond, as may be ascertained and determined necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure, if this Court determines the same is higher and subject to surrender herein.

XVIII.

The first notice that Limitation Plaintiff received of a claim subject to limitation was when it received a copy of the Harris County lawsuit on or about February 23, 2018. Accordingly, this Complaint is filed within six months of Limitation Plaintiff's receipt of written notice of the claims of the Representative or any other claims for losses or damages that any person, firm, entity, or corporation allegedly sustained while the Vessel was on the voyage in question.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Limitation Plaintiff, Texas Mooring LLC, prays that:

1. Considering the filing of the Stipulation for Value and Limitation Bond in the amount of ONE HUNDRED SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($175,000.00) with interest at a rate of six (6%) percent per annum plus court costs, this Court issue an Order approving the Stipulation for Value and Limitation Bond with regard to the Vessels to the extent of the interest of Limitation Plaintiff, Texas Mooring LLC, therein, and to be deposited with the Court, as security for the amount or value of Limitation Plaintiff's interest in the Vessels and their pending freight, of which there was none, as of December 25, 2017;

2. Upon the filing of the Stipulation for Value with proper security in the amount of ONE HUNDRED SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($175,000.00) with interest at a rate of six (6%) percent per annum plus court costs, this Court issue notice in the form attached as Exhibit H to all persons, firms, or corporations asserting claims for any and all losses, damages, or

destruction with respect to which Limitation Plaintiff seeks exoneration from and/or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve upon the attorneys for Limitation Plaintiff a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint at or before a certain time to be fixed in the notice;

3. Upon the filing of the Stipulation for Value with proper security herein described, this Court issue an injunction restraining further prosecution of any and all actions, suits and proceedings already commenced, and the commencement or prosecution hereafter of any and all suits, actions, or proceedings, of any nature and the making of any motion, suits, or proceedings against Limitation Plaintiff, its underwriters, the Vessels, their officers, crew and/or underwriters, against any property of Limitation Plaintiff, and/or against Limitation Plaintiff's employees to recover damages for or in respect of said voyage of the Vessels as alleged in the Complaint or any actions arising out of or in connection with any losses, damages, injuries, or destruction resulting from the voyage of the Vessels on or about December 25, 2017 as alleged in the Complaint, and for which Limitation Plaintiff seeks exoneration from and/or limitation of liability, including, but not limited to, any losses, damages, injuries and/or claims asserted by Mikel Barnes.

4. If any claimant who shall have filed a claim shall also file an exception controverting the value of the Vessels as alleged herein in the amount of the Stipulation for Value as aforesaid, this Court shall cause due appraisal to be had of the value of the Vessels and the value of the Limitation Plaintiff's interest therein; and in which event this Court can enter an order for the filing of an amended Stipulation for Value and/or Limitation Bond, as so determined, of Limitation Plaintiff's interest in the Vessels;

5. This Court adjudge that Limitation Plaintiff and the Vessels are not liable to any extent whatsoever for any losses, damages, injuries, or destruction or for any claims whatsoever done, occasioned, or incurred as a result of the voyage in question referred to in this Complaint, including, but not limited to, in the lawsuit entitled *Mikel Barnes v. Texas Mooring, LLC*, Cause No. 2018-03172, 152nd Judicial District Court of Harris County, State of Texas or, in the alternative, if the Court should adjudge that Limitation Plaintiff is liable in any amount whatsoever, that said liability be limited to the value of Limitation Plaintiff's interest in the Vessels and their pending freight, of which there was none; and that judgment be entered discharging Limitation Plaintiff and the Vessels of and from any and all further liability, and further enjoining and prohibiting the filing or prosecution of any claims against Limitation Plaintiff or its property as a consequence of or in connection with the matters, circumstances and/or alleged occurrences referred to in this Complaint; and

6. Limitation Plaintiff be awarded such other and/or further relief as justice may require and this Court is competent to grant.

Dated: June 20, 2018	Respectfully submitted,

By:	/s/ Thomas J. Smith
Thomas J. Smith (TX Fed. ID #23773)
Garreth A. DeVoe (TX Fed. ID # 2996466)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Ste. 1400, Houston, Texas 77010
(713) 599-0700 - Tele. / (713) 599-0777 - Fax
Email: tsmith@gallowaylawfirm.com
Email: gdevoe@gallowaylawfirm.com
COUNSEL FOR TEXAS MOORING LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was forwarded to the following counsel of record in the Harris County lawsuit by the United States Postal Service, certified mail return receipt requested, properly addressed, postage pre-paid, by e-mail, and/or in-person delivery and/or electronic delivery this 20th day of June, 2018.

>Jim Hart, Esq.
>Eloy E. Gaitan, Esq.
>Cesar Tavares, Esq.
>WILLIAMS KHERKHER
>8441 Gulf Freeway, Suite 600
>Houston, Texas 77017
>Tele: (713) 230-2200
>Fax: (713) 643-6226
>COUNSEL FOR PLAINTIFF

>>/s/ Thomas J. Smith
>>Thomas J. Smith